UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| ASHLEY M. LAREAU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:17-cv-81 |
| | ) |
| NORTHWESTERN MEDICAL CENTER, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Ashley Lareau is suing Northwestern Medical Center ("NMC") for wrongful termination, claiming that NMC fired her, at least in part, because of her disability. Now before the Court is Lareau's motion to compel electronically stored information ("ESI") in NMC's possession. In a prior Order, the Court directed the parties "to confer and arrive at a reasonable scope of ESI production using appropriate search terms and in a format that reasonably accommodates Plaintiff's needs without overly burdening NMC." ECF No. 105 at 2. The parties have been unable to identify search terms that satisfy those parameters.

For the reasons set forth below, the motion to compel is **denied**.

### Background

Lareau initially asked NMC to produce ESI using 18 search terms. The ESI in question includes approximately 24,000 NMC emails. Using only seven of those 18 terms, NMC produced over 3,000 pages of documents and objected to the scope of the

request.  Lareau moved to compel, and the Court issued the above-cited Order requiring the parties to confer and agree upon appropriate search terms.

Lareau subsequently proposed 34 search terms, some of which were in the original list to which NMC had objected.  NMC informed Plaintiff's counsel that using the first four of the proposed 34 terms, it had spent over 20 hours retrieving 2,912 documents totaling 5,336 pages.  Lareau's counsel later acknowledged in an email that the initial production was voluminous and unwieldy, and suggested that NMC use only the newly-proposed search terms.

NMC made another effort to comply, performing a search using the suggested term "Experian."  The process of searching, coding, and producing reportedly took five hours and identified 472 documents.  NMC represented to Lareau's counsel that few of those documents were relevant.  Extrapolating that work to 34 search terms, NMC contends that Lareau's production request would require 170 hours of attorney and paralegal time and would produce little, if any, relevant information.

NMC informed opposing counsel that given the burden of production and the limited relevance of the search results, it would not expend any additional time performing the requested searches.  Lareau's counsel has invited NMC to offer additional suggestions as to search terms, but NMC has declined that

2

invitation.  Lareau now contends that NMC is failing to comply with the Court's prior order, and asks the Court to issue a second order requiring a conference of counsel, possibly mediated by a magistrate judge or ENE evaluator.

**Discussion**

Under the Federal Rules of Civil Procedure, a party is required to provide ESI unless it shows that the source of such information is "not reasonably accessible because of undue burden or cost."  Fed. R. Civ. P. 26(b)(2)(B).  Once the responding party shows that the ESI is not reasonably accessible, the requesting party may still obtain discovery by showing good cause.  *Id.*  "The decision whether to require a responding party to search for and produce information that is not reasonably accessible depends not only on the burdens and costs of doing so, but also on whether those burdens and costs can be justified in the circumstances of the case."  Advisory Committee Note to the 2006 amendments to Rule 26(b)(2).

Here, the Court ordered cooperation among counsel, and counsel's efforts did not produce a workable solution.  NMC has tried to comply and shown that, to date, the information sought using Lareau's proposed search terms is not reasonably accessible.  Indeed, NMC has expended considerable time and expense producing documents that reportedly have little relevance to this case.

3

The Court could nonetheless compel discovery for good cause shown. Fed. R. Civ. P. 26(b)(2)(B). Here, there has been no such showing. In a typical case, a court will require the parties "to test both the cost and the yield" of sample searches in order to determine whether the discovery request is reasonable. *See S.E.C. v. Collins & Aikman Corp.*, 256 F.R.D. 403, 418 (S.D.N.Y. 2009) ("The concept of sampling to test both the cost and the yield is now part of the mainstream approach to electronic discovery."). In this case, however, the parties have already undertaken such testing, with the cost clearly outpacing the value of the yield. Without any indication that the parties will develop effective search terms, Lareau nonetheless asks the Court to extend that testing process. NMC's reports about its initial efforts offer little hope that further sampling will reveal a reasonable approach.

The Federal Rules dictate that discovery may not be used to impose an unnecessary burden on an adversary or to seek information that has no or minimal relevance to the claims or defenses. *See generally* Fed. R. Civ. P. 26(g)(1)(B)(iii). In this case, there is no allegation that Lareau's requests have been interposed in bad faith. Nonetheless, as her counsel has acknowledged, she is searching a massive database that has proven difficult to manipulate, resulting in hours of wasted time and resources. Since the Court issued its prior Order, NMC has

4

produced 3,384 additional documents containing little relevant information.  Without any showing that additional searches are likely to result in a higher rate of success, the Court will not order NMC to engage in further problem-solving.[1]

## Conclusion

For the reasons set forth above, the motion to compel (ECF No. 117) is **denied**.  The parties shall bear their own fees and costs with respect to this motion.

DATED at Burlington, in the District of Vermont, this 27th day of March, 2019.

                                 /s/ William K. Sessions III
                                 William K. Sessions III
                                 District Court Judge

---

[1] Lareau argues that NMC has a duty to contribute to the process of developing adequate search terms.  That duty may extend to providing words and abbreviations that are commonly used in its database.  *See William A. Gross Const. Assocs., Inc. v. Am. Mfg'rs. Mut. Ins. Co.*, 256 F.R.D. 134, 136 (S.D.N.Y. 2009) ("where counsel are using keyword searches for retrieval of ESI, they at a minimum must carefully craft the appropriate keywords, with input from the ESI's custodians as to the words and abbreviations they use").  Here, such commons words and abbreviations appear to have been incorporated into Lareau's search requests.  *See, e.g.,* ECF No. 117-2 at 3 (citing terms such as "PIP" and "Medent").  An attorney is not required to offer opposing counsel his or her own ideas about how to narrow a particular search.